IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

In re: Subpoena of Jason Varney   )
)   Misc. Action No. 7:22mc00011
)
)
)
)
)   By: Hon. Michael F. Urbanski
)   Chief United States District Judge

## MEMORANDUM OPINION

The court is advised that on July 6, 2022, United States Probation Officer Jason Varney was subpoenaed to testify on July 8, 2022, in a state court proceeding in Grayson County Circuit Court in Independence, Virginia: Commonwealth of Virginia v. Cristian Perez, Case No. CR21000002. Although the subpoena on its face does not describe the information about which Varney is being asked to testify, communications with the Assistant Commonwealth Attorney indicate that the prosecutor in the state criminal proceeding would like Varney to testify about the results of drug screens Varney has conducted as part of his supervision of Perez. According to the Commonwealth Attorney, Varney's testimony will be used to refute Perez's defense that he possessed methamphetamine for personal use, rather than for distribution.

In accordance with the Guide to Judiciary Policy, Volume 20, Chapter 8, § 804(b)(3), the chief probation officer has consulted with the undersigned chief judge of the district regarding the proper response to the request. As set forth below, the court finds that the Commonwealth has not met its burden of showing that the ends of justice require Varney to

testify and accordingly does not authorize Varney to testify or to disclose any information in Perez's federal supervision file.

It is well established that information gathered by a probation officer while supervising a person on supervised release is highly confidential. "[C]ourts have been very reluctant to give third parties access to the presentence investigation report prepared for some other individual or individuals." U.S. Dept. of Justice v. Julian, 486 U.S. 1, 12 (1988) (citations omitted). One reason for the reluctance is the fear that disclosure of the reports will have a chilling effect on the willingness of people to contribute information that will be used in the report. Id. A second concern is the need to protect the confidentiality of the information in the report. Id. "Accordingly, the courts have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report." Id. A court must balance the need for confidentiality against what is required to "meet the ends of justice" and a third party seeking disclosure of confidential information must make a "compelling demonstration" that the disclosure is necessary to meet the ends of justice. United States v. Charmer Industries, Inc., 711 F.2d 1164, 1175 (2d Cir. 1983). See also United States v. Dove, No. 3:08cr31, 2008 WL 4820110, at *2 (E.D. Va. Nov. 5, 2008) (noting that third party seeking disclosure of a pre-sentence report (PSR) must make a specific showing of need for disclosure). The court has "a fair measure of discretion in weighing the competing interests in order to determine whether or not the person seeking disclosure has shown that the ends of justice require disclosure." Charmer, 711 F.2d at 1177.

Although Julian and Charmer discuss disclosure of a PSR, the concerns behind protecting confidentiality extend to all proceedings and interactions between the defendant

2

and the probation office. See United States v. Harrison, No. CIV.A. 92-543-1, 2003 WL 21027286, at *1 (E.D. Pa. May 7, 2003) ("United States probation files are confidential court records compiled in the course of fulfilling court-ordered responsibilities; a probation officer must be authorized by the court to release information from the presentence investigation report or probation files to third parties."); In re Sem, No. 2:96-MC-3, 1996 WL 192925 (D. Vt. Jan. 12, 1996) (refusing to allow probation officer to testify in child custody hearing about whether supervisee had violated terms of her conditions of supervised release, how frequently she was subject to urinalysis, and how often she had face-to-face meetings with her probation officer); In re Subpoena and Order Directing Probation Officer to Produce Records, 737 F.Supp. 30, 31 (W.D.N.C. 1990) (allowing limited disclosure of probation record but commenting that "the Court believes our federal system of Government precludes the intrusion by the state court system into what is in effect records of this Court."); Matter of Horsford, 699 F.Supp. 463, 464-65 (S.D.N.Y. Nov. 21, 1988) (finding need for disclosure of PSR and other records of supervision to a social worker testifying as an expert in a pre-pleading mental health evaluation of the defendant did not outweigh the possibility that disclosure would inhibit the ability of the probation officer to do his job).

"'A central element in the showing required of a third party seeking disclosure is the degree to which the information in the [probation file] cannot be obtained from other sources.'" In re: George, No. 5:17MC00002, 2017 WL 1318577, at *1 (W.D. Va. Apr. 10, 2017) (quoting Charmer, 711 F.2d at 1177); In re Morning Song Bird Food Litigation, 831 F.3d 765, 779 (6th Cir. 2016). However, even when the information is unobtainable from other sources, the court weighs the need for the information against confidentiality concerns. In United States

3

v. Schlette, 842 F.2d 1574, 1584 (9th Cir. 1988), the court allowed disclosure of a PSR, subject to some redactions, to a newspaper and to the estate of a prosecutor who had prosecuted a defendant and subsequently was murdered by the defendant while he was on probation. The defendant was deceased at the time the request was made. Id. at 1583-84. The court found that because the defendant was on probation at the time he committed the murder, the newspaper had a legitimate interest in explaining to a concerned public the means by which sentencing decisions are made. Id. at 1583. The court further found that the estate had a need for the information to determine if it had a cause of action for negligence based upon the probation department's failure to warn the prosecutor of the threat to him by the defendant. Id. at 1584. The court acknowledged that generally, PSRs should not be made available to civil plaintiffs to save them time in preparing lawsuits, but in the case under review, the information was not available elsewhere. Id. Additionally, because the defendant was deceased, the confidentiality concerns did not weigh as heavily as they would have had the defendant been alive. Id. at 1581.

In United States v. Harris, 617 F.Supp.2d 99 (E.D.N.Y. 2007), a district court allowed disclosure of the results of drug tests in a probation file when the request was made by a child welfare agency investigating whether the defendant's son who was in foster care should be returned to his mother. Id. at 100. The court noted the limitations discussed above on disclosure of information gathered by a defendant's probation officer but found that the burden of showing a compelling need "'may be less when the movant is a public body seeking to perform a public duty.'" Id. at 101 (citing Charmer, 711 F.2d at 1177). The court allowed release of the subpoenaed documents to the family court, finding that defendant's probation

4

records were sought by the court "for a uniquely imperative concern that none of the cases in this circuit denying access to probation records address-to wit, the welfare of a child" and that the child welfare agency had made a compelling demonstration that the disclosure of the drug tests were necessary to meet the ends of justice. Id. at 101-02. The court commented that "the welfare of Defendant's son requires the disclosure of the drug test results in order to ensure that the Family Court's custody decision is made with the maximum amount of information available and relevant to Defendant's fitness as a parent." Id.

In George, 2017 WL 1318577, at *2, the district court authorized the probation officer to comply with a subpoena issued by the Commonwealth of Virginia prosecuting a federal supervisee in a Commonwealth criminal matter. Although neither the nature of the information requested nor the particulars of the Commonwealth proceeding were discussed in the authorization, the court made a finding that "in light of the serious nature of the crime charged," the Commonwealth had met its burden of showing that the proposed testimony was necessary to meet the ends of justice, that the proposed testimony pertained to matters uniquely within the knowledge of the probation officer, that the information could not be obtained from any other source, and that it was critical to the prosecution of the criminal case. Id.

In the pending matter, this court finds that the subpoena and communications from the Assistant Commonwealth Attorney are distinguishable from the circumstances in cases cited above where courts have authorized disclosure. Unlike in Schlette, the unusual concerns raised by the murder of the prosecutor are not present in this case and here the defendant

5

retains an interest in the confidentiality of his probation file. Nor does the decision by the Harris court inform this court's decision because the welfare of a child is not at stake.

In addition, unlike in George, the Commonwealth has not met its burden of showing that the proposed testimony is necessary to meet the ends of justice. While the Commonwealth does not have access to the results of the drug screens conducted by the probation officer, it has not shown that it has no other means to impeach Perez or respond to any defense he may offer regarding whether he possessed methamphetamine for personal use rather than distribution. And, while allegations of drug distribution are always serious, the Commonwealth has not explained the nature of the charges or any details of the prosecution that would enable this court to assess the relative seriousness of the charges brought against Perez. Furthermore, given the eleventh-hour nature of the subpoena served on the probation officer and provided to the court two days before the officer's requested appearance, Perez has had no opportunity to respond to the subpoena or offer argument as to why the probation officer should not be compelled to appear.

For all these reasons, the court declines to make an exception to the general rule that information acquired and maintained by the United States Probation Office as part of its supervision of a federal supervisee is confidential and not to be shared with the public. Accordingly, the court **DENIES** authorization for Jason Varney to respond to the subpoena issued in Commonwealth v. Perez, Case No. CR21000002, pending in Grayson County Circuit Court in Independence, Virginia.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: July 7, 2022

Michael F. Urbanski

Chief United States District Judge